RECEIVED
2005 OCT 13 P 2: 04
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

OMER McKENZIE, et al.,                )
                                       )
      Plaintiffs,                      )
                                       )
v.                                     )    Civil Action No.:
                                       )
JAMES DULANEY,                         )    2:05cv984-F
                                       )
      Defendant.                       )

## NOTICE OF REMOVAL

TO:   CLERK, UNITED STATES DISTRICT COURT
      MIDDLE DISTRICT OF ALABAMA
      NORTHERN DIVISION

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1441 *et seq.*, Defendant, James Dulaney (hereinafter "Defendant"), by and through his attorney, Edward C. Hixon, hereby removes to the United States District Court for the Middle District of Alabama, Northern Division, an action presently pending in the Circuit Court of Bullock County, Alabama, Civil Action Number CV-05-101 (hereinafter "State Court Action"), upon the following grounds:

1.     On or about September 7, 2005, Plaintiff commenced the present State Court Action by filing suit against Defendant in the Circuit Court for Bullock County, Alabama. A true and correct copy of the summons and complaint are attached hereto as Exhibit "A" and constitute all the process and pleadings served upon the parties in the Bullock County Circuit Clerk's possession in this action. Defendant was served with the summons and complaint on September 12, 2005.

2.     All Plaintiffs are residents of Bullock County, Alabama. (See Plaintiffs' Complaint.) Plaintiffs are therefore, citizens of the State of Alabama.

3. Defendant, James Dulaney, is an individual domiciled and residing in Elloree, South Carolina. (See Plaintiff's Complaint) Defendant is, therefore, a citizen of the State of South Carolina. Defendant was served on September 12, 2005.

4. This Court has removal jurisdiction over the present litigation pursuant to 28 U.S.C. § 1441(a) by virtue of the fact that the controversy is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs as required by 28 U.S.C. § 1332(a). The United States District Court for the Middle District of Alabama, Northern Division embraces the Circuit Court of Bullock County, Alabama, the place where the State Court action is pending. Thus, timely removal by Defendant of the entire case to the United States District Court for the Middle District of Alabama, Northern Division is proper.

5. The State Court complaint (Exhibit A) does not specify the amount of damages sought. Where the plaintiffs' complaint does not specify the amount of damages sought, the removing party may establish, by a preponderance of the evidence, that the $75,000.00 amount in controversy is satisfied. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996). In this case the amount in controversy exceeds this Court's $75,000.00 jurisdictional minimum, because the Plaintiffs' complaint states claims against Defendant for negligence, wantonness, negligence per se, and reckless conduct arising out of a motor vehicle collision. The four individual Plaintiffs claim damages for personal injuries and mental anguish. In addition, Plaintiffs' claim seeks punitive damages. In determining whether the amount in controversy requirement has been satisfied, the court must consider a claim for punitive damages unless it appears to a legal certainty that such a claim cannot be recovered. *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531 (11th Cir. 1987). The status of the case as disclosed by the plaintiff's complaint is controlling

2

in the case of a removal. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938). By the averments of the Plaintiffs' Complaint, the amount in controversy exceeds $75,000.00.

6. If any question still exists as to the requisite amount in controversy, then Defendant requests the opportunity to submit additional post-removal evidence supporting its position. A district court may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal. *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). See also *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).

7. This Notice of Removal has been filed within the time period prescribed by 28 U.S.C. §1446(b) by virtue of the fact that Defendant was served with the State Court action on September 12, 2005.

8. A true copy of this Notice of Removal is being filed simultaneously with the Clerk of the Circuit Court of Bullock County, Alabama, and is likewise being served upon opposing counsel as required by 28 U.S.C. § 1446(d) and as provided for by other law.

9. If any question arises as to the propriety of this removal, Defendant requests the opportunity to submit a brief and/or oral argument in support of its position favoring removal.

WHEREFORE, the premises considered, Defendant, James Dulaney, files this Notice of Removal from the Circuit Court for Bullock County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division.

Respectfully submitted this 12 day of October, 2005.

**EDWARD C. HIXON** (ASB 5964-H65E)
Attorney for Defendant, James Dulaney

OF COUNSEL:
SLATEN & O'CONNOR, P.C.
Winter Loeb Building
105 Tallapoosa St., Suite 101
Montgomery, AL 36104
(334) 262-8882 (P)
(334) 396-8880 (F)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal has been served by placing a copy of the same in the U.S. mail, with proper postage prepaid, to:

John W. Waters, Jr., Esq.
**ATTORNEY AT LAW**
214 North Prairie Street
Union Springs, Alabama 36089

DATED this the /2 day of October, 2005.

_____
OF COUNSEL

F:\AUTOLINE\ALLSTATE\McKenzie\Plead\Notice of Removal.wpd