IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OMER McKENZIE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | |
| JAMES DULANEY, ) | 2:05-CV-984 |
| ) | |
| Defendant. ) | |

## ANSWER TO PLAINTIFF'S COMPLAINT

**COMES NOW** the Defendant, James Dulaney, by and through counsel, and hereby files this Answer to the Plaintiffs' Complaint, and in response thereto states as follows:

1. Upon information and belief, the Defendant admits the allegations contained within Paragraph 1 of Plaintiffs' Complaint.

2. Upon information and belief, the Defendant admits the allegations contained within Paragraph 2 of Plaintiffs' Complaint.

3. Upon information and belief, the Defendant admits the allegations contained within Paragraph 3 of Plaintiffs' Complaint.

4. Upon information and belief, the Defendant admits the allegations contained within Paragraph 4 of Plaintiffs' Complaint.

5. The Defendant admits the allegations contained within Paragraph 5 of Plaintiffs' Complaint.

6. Upon information and belief, the Defendant admits the allegations contained within Paragraph 6 of Plaintiffs' Complaint.

7. Upon information and belief, the Defendant admits the allegations contained within Paragraph 7 of Plaintiffs' Complaint.

### FACTS:

8. Upon information and belief, the Defendant admits the allegations contained within Paragraph 8 of Plaintiffs' Complaint.

9. The Defendant is without sufficient information to admit or deny the allegations contained within Paragraph 9 of the Plaintiffs' Complaint. Therefore, the Defendant denies the same and demands strict proof thereof.

10. The Defendant admits the allegations contained within Paragraph 10 of Plaintiffs' Complaint.

11. The Defendant denies the allegations contained within Paragraph 11 of Plaintiffs' Complaint and demands strict proof thereof.

12. The Defendant denies the allegations contained within Paragraph 12 of Plaintiffs' Complaint and demands strict proof thereof.

13. Upon information and belief, the Defendant admits the allegations contained within Paragraph 13 of Plaintiffs' Complaint.

14. Upon information and belief, the Defendant admits the allegations contained within Paragraph 14 of Plaintiffs' Complaint.

15. Upon information and belief, the Defendant admits the allegations contained within Paragraph 15 of Plaintiffs' Complaint.

16. The Defendant admits the allegations contained within Paragraph 16 of Plaintiffs' Complaint.

## COUNT I

17.     The Defendant admits the allegations contained within Paragraph 17 of Count I of Plaintiffs' Complaint.

18.     The Defendant denies the allegations contained within Paragraph 18 of Count I of Plaintiffs' Complaint and demands strict proof thereof.

19.     The Defendant denies the allegations contained within Paragraph 19 of Count I of Plaintiffs' Complaint and demands strict proof thereof.

20.     The Defendant is without sufficient information to admit or deny the allegations contained within Paragraph 20 of Count I of the Plaintiffs' Complaint. Therefore, the Defendant denies the same and demands strict proof thereof.

**FURTHERMORE**, Defendant denies that the Plaintiffs are entitled to relief as requested in the *Ad Damnum* clause in Count I of the Plaintiffs' Complaint and demands strict proof thereof.

## COUNT II
### Negligence Per Se

21.     The Defendant hereby adopts and incorporates its responses to Paragraphs 1 through 20 of Plaintiffs' Complaint as if the same were set forth here *in extenso*.

22.     The Defendant admits the allegations contained within Paragraph 22 of Count II of Plaintiffs' Complaint.

23.     The Defendant admits the allegations contained within Paragraph 23 of Count I of Plaintiffs' Complaint.

24.     The Defendant is without sufficient information to admit or deny the allegations

contained within Paragraph 24 of Count II of the Plaintiffs' Complaint. Therefore, the Defendant denies the same and demands strict proof thereof.

25. The Defendant denies the allegations contained within Paragraph 25 of Count II of Plaintiffs' Complaint and demands strict proof thereof.

**FURTHERMORE**, Defendant denies that the Plaintiffs are entitled to relief as requested in the *Ad Damnum* clause in Count II of the Plaintiffs' Complaint and demands strict proof thereof.

## COUNT III
### Wantonness

26. The Defendant hereby adopts and incorporates its responses to Paragraphs 1 through 25 of Plaintiffs' Complaint as if the same were set forth here *in extenso*.

27. The Defendant denies the allegations contained within Paragraph 27 of Count III of Plaintiffs' Complaint and demands strict proof thereof.

28. The Defendant denies the allegations contained within Paragraph 28 of Count III of Plaintiffs' Complaint and demands strict proof thereof.

29. The Defendant denies the allegations contained within Paragraph 29 of Count III of Plaintiffs' Complaint and demands strict proof thereof.

**FURTHERMORE**, Defendant denies that the Plaintiffs are entitled to relief as requested in the *Ad Damnum* clause in Count III of the Plaintiffs' Complaint and demands strict proof thereof.

### FIRST AFFIRMATIVE DEFENSE

Defendant contests the nature and amount of damages claimed in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

Defendant denies the material allegations of the Complaint, and demands strict proof thereof.

### THIRD AFFIRMATIVE DEFENSE

Defendant avers that Plaintiffs' Complaint fails to state a claim for which punitive damages may be awarded against it.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of contributory negligence.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery is barred by the doctrine of assumption of risk.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the sudden emergency doctrine.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of last clear chance.

### EIGHTH AFFIRMATIVE DEFENSE

Any claim for punitive damages or damages for mental anguish against Defendant cannot be sustained because any award of damages under Alabama law without bifurcating the trial of all damages issues would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Alabama Constitution.

### NINTH AFFIRMATIVE DEFENSE

Any claim for punitive damages or damages for mental anguish against Defendant cannot be sustained because an award of such damages by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a damages award, (2) is not instructed on the limits on damages imposed by the applicable principles of deterrence and

5

punishment, (3) is not expressly prohibited from awarding damages, or determining the amount of an award of damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award damages under a standard for determining liability for damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

## TENTH AFFIRMATIVE DEFENSE

Any award of punitive damages or damages for mental anguish would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guaranty against double jeopardy, because any other judgment for punitive damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages violate Defendant's rights guaranteed by the Constitution of the State of Alabama.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages violate Defendant's constitutional rights guaranteed by the Eighth Amendment of the Constitution of the United States of America in that said claims constitute an illegal fine.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages violate Defendant's rights as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America in that said claims are attempts to acquire the property of Defendant, through state action, without due process of law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages violate Defendant's rights as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America in that said claims are vague and not rationally related to legitimate government interests.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages violate Defendant's rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama in that they are penal in nature yet require a burden of proof by Plaintiff which is less than beyond a reasonable doubt.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages violate Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property, except by due process of law, in that the punitive damages are vague and are not rationally related to legitimate government interests.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages violate the Double Jeopardy clause of the Constitution of the United States of America and the Constitution of the State of Alabama.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Imposition of punitive damages against Defendant would violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Alabama Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

The procedures and methods asserted for awarding punitive damages against Defendant in this case violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Alabama Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE

Imposition of punitive damages in this action against Defendant without a statutory limit as to the amount of said damages violates the Due Process Clause and Defendant's guarantee of equal protection as required by the United States Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Unless both Defendant's liability for punitive damages and the appropriate amount of such damages are required to be established by clear and convincing evidence, any award of such damages would violate this Defendant's due process rights as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America and by the due process provisions of the Alabama Constitution.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Any claim for punitive damages against Defendant cannot be sustained because an award of damages under state law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Any claim for punitive damages against Defendant cannot be sustained because an award of damages without proof of every element beyond a reasonable doubt would violate this Defendant's due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Alabama Constitution.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against Defendant cannot be sustained because an award of damages under Alabama law without the same protections that are afforded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate this Defendant's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the rights to confront witnesses, a speedy trial and effective assistance of counsel and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against Defendant cannot be sustained, because any such award of damages exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution and the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages violate Defendant's rights as guaranteed by the Fifth Amendment of the Constitution of the United States of America in that punitive damages are penal in nature, yet this Defendant may be compelled to disclose potentially incriminating documents in evidence and to testify against herself.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages violate Article I, Section 6 of the Constitution of the State of Alabama in that they are penal in nature, yet this Defendant may be compelled to disclose potentially incriminating documents in evidence and to testify against herself.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant affirmatively states that any award of punitive damages is governed and limited by Alabama Code § 6-11-21 (1975).

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend her Answer to add any additional affirmative defenses or other defenses as additional information is obtained.

Respectfully submitted this 3 day of November, 2005.

_____
EDWARD C. HIXON (ASB 5964-H65E)
Attorney for Defendant, James Dulaney

**OF COUNSEL:**
**SLATEN & O'CONNOR, P.C.**
Winter Loeb Building
105 Tallapoosa St., Suite 101
Montgomery, AL 36104
(334) 262-8882 (P)
(334) 396-8880 (F)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Answer** has been served by placing a copy of the same in the U.S. mail, with proper postage prepaid, to:

John W. Waters, Jr., Esq.
**ATTORNEY AT LAW**
214 North Prairie Street
Union Springs, Alabama 36089

DATED this the 3 day of November, 2005.

_____
OF COUNSEL

F:\AUTOLINE\ALLSTATE\McKenzie\Plead\Answer.wpd