IN THE UNITES STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| HOMER MCKENZIE, JEAN SMITH as the mother and as next friend of the minor children, SEYMONE ANDERSON, XAVIER HARRIS and BRYANT DELBRIDGE, <br><br> PLAINTIFFS, <br><br> VS. <br><br> JAMES DULANEY, <br><br> DEFENDANT. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:05 CV 984-F <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFFS MOTION TO REMAND

**COMES NOW**, the Plaintiffs in the above styled cause and moves the Court to remand this action to state court pursuant to 28 U.S.C. § 1447(c). The basis for the requested relief is that the removal of this action to Federal Court is wrongful in that the amount in controversy does not exceed $70,000 and the removal was filed improvidently. In support of this motion, the Plaintiffs show unto this Honorable Court as follows:

1. The currently pending action involves an automobile accident, which occurred in Bullock County, Alabama against James Dulaney. Admittedly, there exists complete diversity between the Plaintiffs, who are Alabama residents, and the Defendant, who is a South Carolina resident. However, at all times pertinent hereto, the Defendant was doing business in Bullock County, Alabama, where the original lawsuit was filed.

2. The Defendant bases its attempt at removal on an allegation that the amount in controversy exceeds the jurisdictional limit of this Court. This is based on the Defendants' allegation that the jury is not limited to the amount sought in the

Plaintiffs *ad damnum* clause. While this may be true, the Plaintiffs clearly seek to limit their damages against the Defendant and have attached an affidavit indicating the same thing reflected in the amended complaint – that the Plaintiffs are not seeking nor will they accept damages in excess of $70,000 against the Defendant, exclusive of interest and costs.

3. Removal of an action is only proper if the United States District Court has original jurisdiction. 28 U.S.C. § 1332(a) provides, in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. This case involves an automobile accident where the amount of medical bills and missed time from work is less than $8,000.00 for all Plaintiffs in total. There are no future damages.

5. Along with this motion to remand, the Plaintiffs have submitted their affidavit for the Court's consideration. The Plaintiffs testify, through their affidavit, that they limited the damages they requested against the Defendant to less than $70,000; that they will agree to a remittance of the verdict to $70,000, even if the jury awards more than $70,000; and they have no knowledge of any future claims they could assert against the current Defendant that would give rise to damages over $70,000; and that they never intended to seek damages in excess of $70,000.

**WHEREFORE**, the above premises considered, the Plaintiffs Amended Complaint, filed in the Contemporaneous herewith, attached hereto as Exhibit "A",

and the affidavits of Omer McKenzie, Jean Smith and Bryant Delbridge, attached hereto as Exhibit "B", the Plaintiffs request that this case be immediately remanded to the Circuit Court of Bullock County, Alabama so that it may be timely tried.

                                                                                     _____
                                                                                     John W. Waters, Jr. {WAT038}
                                                                                     Attorney for the Plaintiffs

OF COUNSEL:
John W. Waters, Jr.
214 N. Prairie Street
Union Springs, AL 36089
(334) 738-5505
(334) 738-5510 [fax]

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the foregoing upon the following by placing the same in the United States Mail; postage prepaid and properly addressed on this the _10_ day of _NOV._, 2005.

                                                                                    _____
                                                                                     OF COUNSEL

**SWORN TO and SUBSCRIBED** before me this the _10_ day of _Nov._, 2005.
_Rebecca L. Hilarpon_
Notary Public
My commission expires: _2/9/08_