IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OMER McKENZIE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-984-F |
| ) | |
| JAMES DULANEY, ) | |
| ) | |
| Defendant. ) | |

# **O R D E R**

This cause is before the court on a Motion to Remand (Doc. # 5) filed by the plaintiffs on November 10, 2005. This lawsuit was originally filed in the Circuit Court of Bullock County, Alabama. Defendant James Dulaney removed the case to this court on October 13, 2005, claiming that this court has federal jurisdiction over the case pursuant to 28 U.S.C. § 1332. With their Motion to Remand, the plaintiffs filed three affidavits asserting that no plaintiff seeks in excess of $70,000 in compensatory and punitive damages. The plaintiffs also filed a Motion for Leave to Amend their complaint (Doc. # 7) on November 14, 2005. The proposed amended complaint specifically states that the plaintiffs do not seek more than $70,000 in damages.

This cause stems solely from state law negligence and wantonness claims. In order for this Court to have jurisdiction over the matter, the requirements of 28 U.S.C. § 1332 must be met. This statute states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and is between . . . citizens of different States . . . ." In the present case, the parties are citizens of different states; the plaintiffs are citizens of Alabama, and the defendant is a citizen of South Carolina. The amount in controversy requirement, however, is not met. The plaintiffs have presented evidence in the form of affidavits and a proposed amended complaint stating that they do not seek damages in excess of $70,000. In the defendant's Response to Plaintiff's Motion to Remand (Doc. # 9), defendant states that, in light of the stated limit on damages, he does not oppose the motion to remand.

The Court finds that it does not have jurisdiction over this matter, because the requirements of 28 U.S.C. § 1332 are not present. This case is therefore due to be remanded to the Circuit Court of Bullock County, Alabama pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

It is hereby ORDERED that:

1.) Plaintiffs' Motion to Remand (Doc. # 5) is GRANTED.

2.) This case is REMANDED to the Circuit Court of Bullock County, Alabama.

3.) The Clerk is DIRECTED to take appropriate steps to effect the remand.

4.) Any pending motions are left for resolution by the Circuit Court of Bullock County, Alabama.

DONE this 20th day of December, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE